[No. 20057.   Department Two.   January 19, 1927.]

## J. W. Fales Paper Company, *Respondent*, v. A. E. Bortner *et al., Appellants.*[1]

[1] Sales (179-1)—Conditional Sales—Assignment of Contract —Effect on Title to Property.   Where a conditional sales vendor assigned the contract and all its rights to the property for value, guaranteeing full payment of the price, the assignee, by consenting that the vendor protect itself by retaking the property, does not elect to waive its right to look to the guarantee for the payment of the purchase price.

Appeal from a judgment of the superior court for King county, Paul, J., entered December 1, 1925, upon findings in favor of the plaintiff, in an action on contract, tried to the court.   Affirmed.

*E. P. Whiting,* for appellant.

*Herr, Bayley & Croson,* for respondent.

Parker, J.—The plaintiff paper company seeks recovery from the defendants, Bortner & Hutchinson, copartners, upon a conditional sale contract in which they are named as vendors, and upon an assignment to it by them of the contract, together with all right and title to the property reserved thereunder and all unpaid portions of the agreed purchase price thereof to be paid by the vendee, which assignment contains a guaranty by Bortner & Hutchinson that the vendee will timely complete payment of the agreed purchase

[1]Reported in 252 Pac. 539.

price. A trial upon the merits in the superior court for King county resulted in findings and judgment awarding to the paper company recovery against Bortner and Hutchinson in the sum of six hundred twenty-five dollars, that being the balance due from the vendee upon the conditional sale contract. From this judgment, Bortner & Hutchinson have appealed to this court.

[1] The controlling facts are not in dispute and may be summarized from the admitted allegations of the pleadings and the trial court's findings, there being no statement of facts before us, as follows: On September 30, 1924, a conditional sale contract was entered into by which Bortner & Hutchinson agreed to sell, and H. F. Tierney agreed to purchase, a certain described motor truck for the agreed purchase price of nine hundred fifty dollars. The contract contained the usual forfeiture provisions, thus enabling Bortner & Hutchinson, in default of payment of the purchase price, to elect their remedy of re-taking the truck and forfeiting prior payments, or of suing Tierney, the vendee, for the unpaid portions of the agreed purchase price and thus confirm the title in Tierney. On October 31, 1924, Bortner & Hutchinson sold and assigned to the paper company their interest in the conditional sale contract, the property described therein and the unpaid portion of the agreed purchase price. This assignment was evidenced by a duly executed writing endorsed upon the conditional sale contract, reading as follows:

"For value received, the receipt of which is hereby acknowledged, the undersigned vendor in the within contract hereby sells and assigns all right, title and interest in and to the within contract and to the property therein described and all of the moneys due or to become due thereunder to J. W. Fales Paper Com-

pany, and hereby consents that the time of payment of any or all of the said installments may be extended by the said assignee and hereby guarantees the performance of the terms of said contract by the vendee and the payment of all sums therein provided for in the amount and at the time the same shall become due and payable, and agrees to remain bound upon said contract to the said assignee both as principal and guarantor thereon, until the full performance and completion of said contract.''

''On or about the 12th day of February, 1925, said H. F. Tierney, purchaser under said contract of conditional sale, being in default, defendants, with the knowledge and consent of plaintiff, re-possessed said truck, said Tierney voluntarily relinquishing the same, and stored said truck in warehouse of said defendants. Subsequent to said repossession the liability of said defendants under said contract of guaranty was intended to and did remain in full force and effect, and plaintiff did at no time obtain or intend to obtain possession of said truck.''

This quoted language is from the findings of the trial court. This action was thereafter commenced with the result we have already stated.

It is contended in behalf of Bortner & Hutchinson that the re-taking of the truck by them from Tierney, with the consent of the paper company, was, in legal effect, the re-taking by the paper company, and hence an election by the paper company to adopt such re-taking as an election of its remedy to enforce its rights under the conditional sale contract and the assignment thereof to it by Bortner & Hutchinson. Such re-taking by Bortner & Hutchinson was, no doubt, an election of that remedy on their part, which would prevent them from making any further claim against Tierney for the unpaid portion of the purchase price. Of course, because of their guaranty embodied in the assignment made by them to the paper company, they

were interested in protecting themselves as best they could, and evidently were convinced that they would receive greater protection by re-taking the truck than by an attempted enforcement of the purchase price liability against Tierney. But that was of no concern to the paper company, unless it had authorized Bortner & Hutchinson to re-take the truck from Tierney for it. The finding of the trial court, last above quoted, clearly negatives any such thought or authorization on the part of the paper company, and also clearly negatives any intent of the paper company to forego its right under the assignment and guaranty therein contained. It seems clear to us, in the light of this finding, that the paper company has never elected to claim the re-taking and appropriation of the truck to itself as a remedy to enforce its rights; but has, by the bringing of this action, elected to hold Bortner & Hutchinson for the balance due upon the agreed purchase price under the conditional sale contract, which Bortner & Hutchinson guaranteed by the terms of their assignment to the paper company.

We conclude that the judgment of the trial court must be affirmed. It is so ordered.

MACKINTOSH, C. J., ASKREN, BRIDGES, and TOLMAN, JJ., concur.